### THE DORA MATHEWS.[1]

#### SPOTSWOOD *v.* THE DORA MATHEWS.

*(District Court, S. D. Alabama.* April 15, 1887.)

1. WHARFAGE—RIGHT TO CHARGE.
   A person owning improved wharves, which he maintains at his own cost for the benefit of those engaged in commerce upon the public navigable waters of the United States, may charge and collect from parties using his wharves such reasonable fees as will fairly remunerate him for the use of his property.
2. SAME—LIEN.
   A contract, express or implied, for wharfage furnished a foreign vessel, is a maritime contract, and the proprietor of the wharf has a maritime lien on the vessel for his wharfage fees.
3. SAME—WAIVER—CUSTOM CONTROLLING.
   While the proprietor of a wharf may waive his lien on the vessel for wharfage fees, either expressly or impliedly, by failing to enforce it for an unreasonable length of time, no usage or custom can displace it or prevail when in conflict with the law which gives it.

In Admiralty. Libel for wharfage.

*Pillans, Torrey & Hanaw,* for libelant.

*J. L. & T. H. Smith,* for claimant.

TOULMIN, J. A person owning improved wharves, which he maintains at his own cost for the benefit of those engaged in commerce upon the public navigable waters of the United States, may charge and collect from parties using his wharves such reasonable fees as will fairly remunerate him for the use of his property. *Packet Co.* v. *St. Louis,* 100 U. S. 423; *Vicksburg* v. *Tobin,* Id. 430; *Packet Co.* v. *Keokuk,* 95 U. S. 80; *Cannon* v. *New Orleans,* 20 Wall. 577.

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

The respondent could make no use of libelant's wharf without incurring liability to pay for it. That he did make use of it is admitted in the answer. But he says there was a usage and custom among the wharf-owners in Mobile not to charge outward-bound vessels, taking outward-bound cargo, any dockage or wharfage fee for lying at their wharves while receiving such cargo at the wharf, and that he used said wharf under such usage and custom. A custom for profit to be taken in another's property is bad. A right to pile or keep lumber on another's wharf is a profit therein, and a custom so to use the wharf cannot be sustained. See *Littlefield* v. *Maxwell*, 50 Amer. Dec. 653. A contract, express or implied, for wharfage for a foreign vessel (admitted to be the case here) is a maritime contract, and the proprietor of the wharf has a maritime lien on the vessel for his wharfage fees. *Ex parte Easton*, 95 U. S. 68. Any usage or custom in conflict with plain, well-established rules of law can have no validity. *East Tennessee V. & G. R. R.* v. *Johnston*, 75 Ala. 604; *Montgomery & E. Ry. Co.* v. *Kolb*, 73 Ala. 401; *Barlow* v. *Lambert*, 28 Ala. 704; *Cox* v. *O'Riley*, 58 Amer. Dec. 633.

It seems to me that the usage or custom invoked by the respondent in this case contravenes the well-established principles of law to which I have alluded, and, if allowed to prevail, would displace those principles, and allow respondent to make use of the libelant's wharf without incurring liability to pay for it, and would destroy the lien on the vessel given by law as security for the wharfage dues. Evidence of usage or custom in such case will not be admitted. See authorities *supra*. While the proprietor of a wharf may waive his lien on the vessel for wharfage fees, either expressly or impliedly, by failing to enforce it for an unreasonable length of time, no usage or custom can displace it or prevail in conflict with the law which gives it.

In the case of *Croucher* v. *Wilder*, 98 Mass. 322, cited by the proctors for respondent, the usage or custom set up did not contravene any general principle of law, and it was not invoked against any rule of law, but it was claimed that it should prevail against and should control a special rule established by a wharfinger as to the mode of discharging cargoes at his particular wharf. The court, in effect, held that the usual or customary mode of discharging cargoes at similar wharves in the same port should prevail over any rule of the wharfinger of the particular wharf which had not in due time been brought to the knowledge of the vessel, or of the stevedore who had contracted to unload the vessel. I think there is a wide distinction between the Massachusetts case and the case at bar. In one a custom is set up to displace a private rule for the government of a wharf made by the proprietor thereof; in the other, a custom is invoked to contravene and displace well-established rules of law. In the latter case the custom, if it exists, has, in my opinion, no validity.

The exceptions to the answer are well taken, and should be sustained, and it is so ordered.